IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEF AVERGUN  :  CIVIL ACTION
:
v.  :
:
GREGORY PROSMUSHKIN  :  NO. 15-5965
GREGORY PROSMUSHKIN P.C. LAW  :
OFFICES

FILED
10 15
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## MEMORANDUM

JONES, J.                                                                                         NOVEMBER 9, 2015

Plaintiff Josef Avergun, a prisoner at the State Correctional Institution at Coal Township, brings this civil action against Gregory Prosmushkin, his former attorney, and Gregory Prosmushkin P.C. Law Offices. Plaintiff seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis*, dismiss his federal claims with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismiss his state law claims for lack of subject matter jurisdiction without prejudice to him proceeding in state court.

I. FACTS

Plaintiff alleges that Prosmushkin sought an excessive fee to represent him in a criminal appeal and three other criminal cases in the Philadelphia Municipal Court. Plaintiff also alleges that Prosmushkin committed various crimes against him and engaged in racketeering activity by "pushing" him to sign a general power of attorney that would have given Prosmushkin access to his finances, and threatening to withdraw his representation if plaintiff failed to do so. The complaint implies that plaintiff refused to sign the power of attorney, causing Prosmushkin to withdraw from the case. Plaintiff was subsequently represented by a public defender who, the complaint suggests, did not provide satisfactory representation.

1

Plaintiff alleges that Prosmushkin was late in filing certain motions in his criminal cases and adversely affected his sentence, such that he was required to serve a long jail term as a result. He also indicates that he fought with other inmates while incarcerated, who "might be clients of Prosmushkin, whom Prosmushkin set on [him]." (Compl. ¶ III.) Plaintiff also indicates that Prosmushkin served as his attorney in a case arising out of a car accident and alleges that Prosmushkin failed to turn over money from a settlement of that case.

Based on those facts, plaintiff filed this action against Prosmushkin and his law firm seeking their prosecution on federal criminal charges and the revocation of Prosmushkin's law license. He also seeks $3.1 million (the amount his bail was set in his criminal case), payment of the money he is owed from the settlement of his tort claims, and the return of certain money paid to Prosmushkin for his representation of plaintiff in his criminal cases.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

The Court cannot discern any basis for a federal claim here. To the extent plaintiff is invoking criminal statutes, his claims fail because criminal statutes generally do not give rise to civil liability. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"). In any event, plaintiff is not entitled to relief in the form of a federal criminal prosecution. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (observing that a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[I]t is today beyond all reasonable doubt that the prosecution of violations of federal criminal law in federal court is a function of the federal government, not private parties, and federal courts lack the power to direct the filing of criminal charges[.]" (citations, quotations, and alteration omitted)), *aff'd*, 572 F. App'x 68 (per curiam). Nor has plaintiff stated a civil racketeering claim based on his allegations that Prosmushkin pressured him to sign a power of attorney and/or adversely affected his criminal proceedings. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 323 (3d Cir. 2014) ("[I]n construing the federal RICO law, this Circuit has rejected the argument that personal injuries qualify as RICO injuries to 'business or property.'").

To the extent plaintiff intended to bring civil rights claims under 42 U.S.C. § 1983, his claims fail. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff has not stated a § 1983 claim here because his private attorney is not a state actor subject to liability under that statute. *See Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Additionally, a plaintiff may not recover damages for allegedly unconstitutional conviction and imprisonment unless that conviction and sentence has been vacated, overturned, or otherwise called into question. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

To the extent plaintiff is raising claims under state law, the only possible independent basis for subject matter jurisdiction is 28 U.S.C. § 1332(a), which grants district courts jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[1] Here, the complaint does not establish that the parties are diverse and, to the contrary, implies that both plaintiff and Prosmushkin are citizens of Pennsylvania. Accordingly, plaintiff's state law claims will be dismissed for lack of subject matter jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, plaintiff's federal claims are dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and his state law claims are dismissed for lack of subject matter jurisdiction without prejudice to plaintiff refiling those claims in state court. Plaintiff will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.

---

[1] The Court declines to exercise supplemental jurisdiction, having dismissed plaintiff's federal claims.